UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOEL C. HOLMES,<br><br>           Plaintiff,<br><br>         v.<br><br>MAGGIE MILLER-STOUT,<br><br>           Defendant. | CASE NO. C14-0639JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

    This matter comes before the court on the Report and Recommendation ("R&R") of United States Magistrate Judge Mary Alice Theiler (Dkt. # 11) and Petitioner Joel C. Holmes' objections thereto (Dkt. # 12). This is a habeas corpus case. Mr. Holmes filed this petition pursuant to 28 U.S.C. § 2254 challenging the conditions of his confinement at the Airway Heights Correctional Center in Airway Heights, Washington. (*See* Dkt. # 10.) Magistrate Judge Theiler issued an R&R recommending that the petition be dismissed with prejudice because 28 U.S.C. § 2254 relief is only appropriate if the petitioner can demonstrate that his custody is "in violation of the Constitution or laws or

ORDER- 1

treaties of the United States." (R&R at 2 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).) In other words, a § 2254 petition must challenge the underlying conviction and sentence, not merely the conditions of confinement. (*See id.*) If a prisoner wishes to challenge conditions of confinement, he must instead file an action under 42 U.S.C. § 1983. (*Id.*)

In his objections, Mr. Holmes does not rebut this logic. (*See* Objections.) Instead, he restates many of his original allegations and argues that he should be permitted to raise his conditions of confinement argument in his habeas petition. (*See id.*) The law, however, is otherwise. As Magistrate Judge Theiler pointed out, the proper avenue for the relief Mr. Holmes seeks is a civil rights action, not a habeas petition. (*See* R&R at 2 (citing *Preiser*, 411 U.S. at 484).) Mr. Holmes has not made a compelling case to the contrary. The court has examined the record before it and finds Magistrate Judge Theiler's reasoning persuasive in light of that record. The court independently rejects Mr. Holmes' arguments for the same reasons as Magistrate Judge Theiler. Accordingly, the court ADOPTS the R&R (Dkt. # 11) in its entirety.

The court also denies Mr. Holmes a certificate of appealability. When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the

ORDER- 2

1  petition should have been resolved in a different manner or that the issues presented were
2  adequate to deserve encouragement to proceed further.  28 U.S.C. § 2253; *Slack v.*
3  *McDaniel*, 529 U.S. 473, 474 (2000).  Here, the court finds that reasonable jurists could
4  not debate whether the petition should have been resolved differently and therefore
5  DENIES Mr. Holmes a certificate of appealability.
6      Mr. Holmes' petition for writ of habeas corpus is DENIED and this action is
7  DISMISSED with prejudice for failure to state a cognizable ground for relief.  The clerk
8  is DIRECTED to send copies of this order to Mr. Holmes and to Magistrate Judge
9  Theiler.
10     Dated this 1st day of July, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 3